UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHROKH SAADAT NEJAD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 24-cv-01519-BAS-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**<br><br>**(2) DISMISSING ACTION UNDER 28 U.S.C. § 1915(e)(2); AND**<br><br>**(3) TERMINATING AS MOOT *EX PARTE* APPLICATIONS (ECF Nos. 5, 6, 7)** |

Plaintiff Shahrokh Saadat Nejad is proceeding *pro se*—without an attorney. He filed a complaint on August 27, 2024, against: (1) numerous state and federal entities, including the United States of America, the State of California, the Central Intelligence Agency, the Superior Court of California, the County of San Diego, and the City of Saratoga; (2) several corporations including Walmart and AT&T; (3) about a dozen named individuals; and (4) Does 1 through 50,000. (Compl. 1–2.)

Plaintiff filed a Motion Seeking Leave to Proceed *In Forma Pauperis* ("IFP")—without prepaying court fees or costs. (ECF No. 2.) A few weeks later,

Plaintiff also filed three *Ex Parte* Applications. First, Plaintiff asks the Court to order the Department of Justice to investigate his Complaint's allegations. (ECF No. 5.) Second, Plaintiff requests an order requiring the DOJ to document and preserve evidence mentioned in the Complaint. (ECF No. 6.) Third, Plaintiff seeks service of the Complaint by the U.S. Marshals. (ECF No. 7.)

For the following reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, **DISMISSES WITH PREJUDICE** his Complaint, and **TERMINATES AS MOOT** Plaintiff's *Ex Parte* Applications.

I.  **MOTION FOR LEAVE TO PROCEED IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court

did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and relies on support from others to survive. (IFP Mot. ¶¶ 1–2.) He lists no employment history for the past two years and identifies only $300.00 in his financial accounts. (*Id.* ¶ 4.) His expenses approximate or exceed his minimal income. (*Id.* ¶ 8.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fee would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2).

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss

those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Thus, district courts have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g.*, *Frost v. Vasan*, No. 16-cv-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (secret conspiracy involving a U.S. Senator, a university, and the CIA); *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

Here, Plaintiff's 164-page Complaint seeks redress against the CIA, state and local governments, several major corporations, and about a dozen individual defendants. Among other things, Plaintiff alleges the neighborhood surrounding his residence "is part of a secret U.S. government and/or a U.S. military program." (Compl. ¶ 64.) Plaintiff has allegedly been subjected to various instances of nudity and indecent exposure in the vicinity. (*Id.*) His residence is also allegedly besieged by sound equipment that is "used to, but not limited to, harass, annoy, threaten, manipulate, intimidate, inflict sleep deprivation, and incite violence." (*Id.* ¶ 73.) In Plaintiff's view, "white noise has been weaponized," and law enforcement has

misused equipment "and/or gadgets to penetrate, but not limited to, Plaintiff's smart devices, phones and/or Plaintiff's laptop computers." (*Id.* ¶ 79.)

Having reviewed the allegations in Plaintiff's Complaint and its attached exhibits, the Court concludes they are fantastical and clearly baseless. *See Neitzke*, 490 U.S. at 325; *see also* 28 U.S.C. § 1915(e)(2)(B)(i); *DeRock v. Sprint-Nextel*, 603 F. App'x 556, 558 (9th Cir. 2015) (affirming dismissal of nine actions as either frivolous or failing to state a claim because the plaintiff alleged "unsupported legal conclusions and fanciful factual allegations"). In addition, because the Complaint is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2). Further, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Finally, because the Court dismisses Plaintiff's Complaint, the Court also **TERMINATES AS MOOT** Plaintiff's three pending *Ex Parte Applications* (ECF Nos. 5, 6, 7). The Court of Court shall enter judgment and close this case.

IT IS SO ORDERED.

DATED: September 25, 2024

Hon. Cynthia Bashant
United States District Judge